UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANTONIO LEONARDO ALVARADO GARCIA,

          Petitioner,

    v.

MARKWAYNE MULLIN, et al.,

          Respondents.

Case No. 5:26-cv-02387-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

On May 6, 2026, Antonio Leonardo Alvarado Garcia ("Petitioner"), who is detained at the Desert View Facility in Adelanto, California, filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition").  Dkt. No. 1.

Petitioner entered the United States in 1999 and has remained in this country since then.  *Id*. at 7.[1]  He has been in a committed relationship with the mother of his children since 2000; he is the father of three United States citizens.  *Id*.  Petitioner has no criminal history.  *Id*.  On April 20, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE")

---

[1] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

agents while dropping off his children at school.  According to Petitioner, the ICE officers indicated that they mistook him for someone else, but nevertheless detained him.  *Id.* at 2, 7.  Petitioner was then transferred to the Desert View Facility.  *Id.* at 7.  ICE issued a Notice to Appear charging Petitioner with inadmissibility under 8 U.S.C. 1182(a)(6)(A)(i) ("present without admission").  *Id.*

Petitioner contends that (1) 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs his detention, and he is therefore entitled to a bond hearing; (2) his continued detention without individualized review violates the Due Process Clause of the Fifth Amendment; and (3) Respondents' new policy applying § 1225(b)(2)(A) to noncitizens residing in the interior of the United States violates the Administrative Procedures Act.  *Id.* at 8–10.

In their answer, Respondents state that Petitioner appears to be subject to the judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), the order enforcing the judgment, and applicable appellate proceedings related to it.  Dkt. No. 8. Respondents maintain that an order requiring a bond hearing for Petitioner should be consistent with bond hearing orders issued by other courts in this District. Petitioner did not file a reply.

In *Maldonado Bautista*, the court concluded that members of the bond eligible class are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2).  That bond-eligible class is defined as: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025).  The court

further found that bond eligible class members are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 at *1 (C.D. Cal. Dec. 18, 2025). The analysis in *Maldonado Bautista* applies here, and Petitioner is thus entitled to the procedural protections that 8 U.S.C. § 1226(a) provides, including a bond hearing.

Petitioner is entitled to the same form of relief that is being given to other detainees that Respondents have similarly conceded are subject to the *Maldonado Bautista* judgment. *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS, 2026 WL 579160, at *1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS, 2026 WL 576010, at *1 (C.D. Cal. Mar. 2, 2026). In those cases, the Government has been ordered to bear the burden at a discretionary detention hearing before a neutral immigration judge to prove by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public.[2]

## Order

For these reasons, the Petition is conditionally granted as to Claim One under *Maldonado Bautista*, and the remaining claims are dismissed without prejudice as moot in light of the relief granted on Claim One.

Within seven days of this order, Respondents are ORDERED to release Petitioner, unless he is provided with the individualized bond hearing under 8 U.S.C. § 1226(a) due to all detainees considered subject to the *Maldonado Bautista* judgment. To meet that condition as it is being ordered for other eligible detainees under *Maldonado Bautista*, the Government must bear the

---

[2] Though Petitioner also seeks release, the Petition does not state a legal basis for relief beyond an 8 U.S.C. § 1226(a) bond hearing.

burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an individualized determination under 8 U.S.C. § 1226(a) whether Petitioner should be detained pending removal proceedings.

DATED: June 3, 2026

_____
Patricia Donahue
United States Magistrate Judge

4